# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **ARDIANA SEJDIU, FATMIR SEJDIU, HER HUSBAND,** | Civ. No. 17-1355 (WJM) |
| **Plaintiffs,** |  |
| v. | **OPINION** |
| **TARGET CORP.**, *et al.*, |  |
| **Defendants.** |  |

**WILLIAM J. MARTINI, U.S.D.J.:**

Plaintiffs Ardiana Sejdiu and her husband, Fatmir Sejdiu ("Plaintiffs"), allege that Ardiana Sejdiu slipped and fell in a store owned by Defendant Target Corporation, causing her to sustain severe permanent injuries. Plaintiffs filed a Complaint in New Jersey state court, and Target removed the action to this Court. This matter now comes before the Court on Plaintiffs' motion to remand the matter to state court. For the below reasons, Plaintiffs' motion to remand is **DENIED**.

## I.    BACKGROUND

Plaintiffs Ardiana Sejdiu and her husband Fatmir Sejdiu are both residents of New Jersey. ECF No. 1, Ex. A (Compl.), 1. Defendant Target is incorporated in Minnesota and has its principal place of business in Minnesota. ECF No. 1 (Notice of Removal).

According to Plaintiffs' Complaint, in August 2015, Ardiana Sejdiu slipped and fell on a slippery substance on the floor of a Target store in Clifton, New Jersey. *Id*., Ex. A at 1-2. The fall caused Ardiana Sejudiu to suffer severe and permanent bodily injuries, ongoing "great pain and suffering," interrupted employment, and "large sums of money" in current and future medical costs. *Id.* at 2-3. Fatmir Sejdiu alleges that, as a result of his wife's injuries, he has suffered the loss of services, companionship and consortium. *Id.* at 3.

Plaintiffs filed their Complaint in Passaic County Superior Court, and Target removed the action to this Court based on diversity of citizenship and a belief that the amount in controversy exceeds $75,000. Plaintiffs now move for remand to state court.

## II. LEGAL STANDARD

"Except as otherwise provided by Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed ... to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "[T]he party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007). Where diversity jurisdiction is grounds for removal under 28 U.S.C. § 1332, the removing party must demonstrate complete diversity between the parties. *See Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 389 (1994) (stating that federal diversity jurisdiction is present "only if there is no plaintiff and no defendant who are citizens of the same state"). If diversity of citizenship is the basis for removal, the defendant must show that the amount in controversy exceeds the $75,000 minimum. *See Meritcare Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 222 (3d Cir. 1999).

When a complaint fails to demand a specific amount of damages, the court must perform its own "independent appraisal of the value of the claim." *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993). In the context of a personal injury suit between diverse parties, courts in this district "generally will not remand a personal injury claim in the absence of a waiver by Plaintiff capping damages at $75,000." *Avant v. J.C. Penney*, 2007 WL 1791621 (D.N.J. June 19, 2007).

## III. DISCUSSION

Target has met its burden to demonstrate that this action is properly in federal court. *See Frederico*, 507 F.3d at 193. First, Target has shown that Plaintiffs are both residents of New Jersey, and that Target is incorporated and has its principal place of business in Minnesota, satisfying diversity requirements. *Auto–Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 394 (3d Cir. 2016) ("For jurisdictional purposes, a corporation is a citizen of both its state of incorporation and the state where it has its principal place of business" (citations omitted)); *see also* 28 U.S.C. § 1332(c). Second, while Plaintiffs did not allege a damages amount in their initial complaint, Target reasonably asserts that the nature of the injuries alleged by Plaintiffs exceeds an amount in controversy of $75,000. ECF No. 1, ¶ 4; *see Avant*, 2007 WL 1791621 at *2 (finding that allegations of serious injuries in addition to pain and suffering indicate that the amount in controversy exceeds $75,000).

In their motion to remand, Plaintiffs do not contest that the diversity and amount in controversy requirements have been met. ECF No. 7. Rather, Plaintiffs assert that remand is proper because "all the witnesses in this case are in Passaic County" and Target "engages in business across New Jersey." *Id.* at ¶¶ 4-5. Plaintiffs also argue that remanding to state court would not prejudice Target and that New Jersey state court "certainly has the jurisdiction for civil cases of a value greater than $75,000." *Id.* at ¶¶ 6-8. In opposition,

Target reiterates that the removal requirements have been met. ECF No. 9. Because diversity has been sufficiently established and Plaintiffs do not deny that the amount in controversy is at least $75,000, Plaintiffs' motion for remand must be denied.

## IV.    CONCLUSION

For the reasons stated above, Plaintiffs' motion for remand is **DENIED**. An appropriate Order follows.

_____/s/ William J. Martini_____
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: April 19, 2017**